UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    CHAPTER 7

Brock A. Tatge and                                        BKY CASE NO. 11-43056 NCD
Kirsten M. Tatge,

        Debtors.

## NOTICE OF SETTLEMENT

To: The United States Trustee, all creditors and other parties in interest.

On **October 10, 2011**, or as soon thereafter as the transaction may be completed, the undersigned Trustee of the estate of the Debtors named above will settle a controversy as follows:

> The Debtors have the following non-exempt property belonging to the Bankruptcy Estate: (1) Debtor's fifty percent interest in Logix Learning, LLC with a scheduled value of $0.50; (2) 2010 tax refunds received for Federal $360.00 and State $169.00 for a total of $529.00 in refunds and claimed $500.00 exempt leaving $29.00 as non-exempt; (3) a 1999 Yukon SLE in fair condition with 188,000 miles with a scheduled value of $4,675.00; (4) a 1999 Lexus ES 300 Sedan 4D with 160,000 miles with a scheduled value of $3,750.00 and claimed exempt for $668.40 leaving $3,081.60 as non-exempt; (5) a 2005 Yamaha Kodiak 449cc in good condition with a snowplow and winch with a scheduled value of $2,335.00 and claimed exempt for $1,167.50 leaving $1,167.50 as non-exempt; (6) a 2005 Roll Utility Trailer with a scheduled value of $600.00; and (7) two Labradors valued at $100.00 and claimed exempt for $50.00 leaving $50.00 as non-exempt. Also, the Debtor, Brock A. Tatge, has scheduled exemptions for assets in this bankruptcy case pursuant to 522 (d)(5) over and above the amount allowed under which $13,333.24 is exempt pursuant to 522(d)(5), leaving approximately $1,358.24 of non-exempt property. The Debtors and the Trustee have entered into a settlement agreement, subject to Bankruptcy Court approval, whereby the Debtors will keep all of their non-exempt property in consideration of a payment to the bankruptcy estate in the amount of $7,000.00 payable in 15 monthly installments of $466.66 beginning on the 15th day of September 2011 and each month thereafter until paid in full, as a full settlement thereof.
>
> Based on the time and expense involved in liquidating this property, the Trustee believes that this settlement agreement is in the best interest of the bankruptcy estate.

**OBJECTION: MOTION:: HEARING**. Under applicable rules, any objection must be in writing, be delivered to the trustee and the United States Trustee and be filed with the clerk, not later than 12:00 o'clock noon on the day before the above date. If any objection is made or an order is required, the trustee moves the court for such orders as may be necessary and appropriate. If an objection is timely delivered and filed, the court will hold an expedited hearing on the objection with

reduced notice of the hearing. The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the U. S. Trustee.

| | | |
|---|---|---|
| Clerk of Court | United States Trustee | Trustee |
| United States Bankruptcy Court | 1015 U S Courthouse | (See address below) |
| 301 US Courthouse | 300 So. 4th St. | |
| 300 South Fourth Street | Minneapolis, MN 55415 | |
| Minneapolis, MN 55415 | | |

Dated: September 13, 2011         /e/ J. Richard Stermer
                                                      J. Richard Stermer, Trustee
                                                      PO Box 445, 202 N. 1st Street, Suite 200
                                                      Montevideo, MN 56265
                                                      Telephone: (320) 321-1288